### TRISTRAM BROWN *et al. versus* HUMPHREY LAKEMAN.

A devise of "a beach for drift wood and timber," made by a testator who owned the upland adjoining the beach, was *held* to pass the soil above ordinary high-water mark and as far up as that line of shore to which sea-weed and drift wood are usually carried by the sea in ordinary seasons, by the highest winter floods, but not so far up as to include land occasionally covered by sea-water in extraordinary inundations.

TRESPASS *quare clausum fregit.* Trial before *Morton* J. The defendants were defaulted. The facts are set forth in the opinion of the Court. The parties claimed under the will of John Patch, devising upland and an adjoining beach. If the Court should be of opinion, that by the true construction of the will, the plaintiffs were entitled to take drift wood and timber above, as well as below the ordinary high-water mark, judgment was to be rendered on the default, for two dollars damages ; if the plaintiffs were to be limited to high-water mark, a new trial was to be granted.

*Nov. 4th.*　*Choate* and *Andrews*, for the defendant, cited *Commonwealth* v. *Charlestown*, 1 Pick. 182 ; *Storer* v. *Freeman*, 6 Mass. R. 435.

*Saltonstall* and *Lord*, for the plaintiffs, cited *Liford's case*, 11 Co. 52 *a.*

*Nov. 6th*　SHAW C. J. delivered the opinion of the Court. In a former cause between these parties, or parties of the same name, (15 Pick. 151,) we had occasion to consider and put a construction upon the clauses of the will of John Patch, under which these parties respectively claim. From the nature of the subject matter of these devises, consisting of lands bounding upon the sea, the lines and aspects of which are frequently shifting, and from the obscure and indefinite terms used in the will, it is no easy matter to come to a satisfactory result. Some rules upon this subject are well settled ; as that the intent of the testator, to be ascertained from the will, is to be the leading rule, and shall govern the construction so far as that intent can be carried into effect, consistently with the rules of law ; and that every clause and sentence of the will may be referred to, to ascertain such intent.

In the present case it appears, that the plaintiffs are the owners of all that part of the estate formerly of John Patch, which he devised to his daughter Elizabeth Choate, and the defendant of that part which was devised to his daughter Mary Lakeman. To ascertain the nature and extent of the estate given to these daughters respectively, it is necessary to refer to several clauses in the will. The devise to Mary Lakeman is to this effect : I give and devise to my daughter M. L. her heirs, &c., my lower farm, formerly called Wigwam Hill, bounded, &c. ; also one mile in length of my beach, for drift-wood and timber, lying between the other parts of said beach hereinafter given to my daughter Elizabeth Choate.

The devise to Elizabeth Choate is as follows : I give and devise to my daughter E. C. her heirs, &c., that part of my farm called Castle Hill, bounded, &c., and half a mile of the lower end of the beach, to be measured at high-water mark, for drift wood and timber of all sorts, and all the remainder of my beach, with a privilege, &c.

It appears that the testator owned a large real estate, bounding upon a line of considerable extent, upon Essex river and Ipswich bay, and running at the southerly extremity, to a point or promontory made by them. In applying these devises to the estate, it appears that a half mile of this beach, or land bounding on the sea, commencing at the promontory in question, and running northerly, is given to Elizabeth Choate ; that a mile in length, on the same line, continuing northerly, from Elizabeth Choate's line, is given to Mary Lakeman, and then from the termination of that mile, continuing northerly, to the dividing line between the Wigwam Hill and the Castle Hill estates, being a mile or more, was given to Elizabeth Choate, and through divers mesne conveyances has come to the plaintiffs ; and this last part is the *locus in quo* where the trespass in the present case is alleged to have been committed.

We had occasion formerly to consider the nature of the estate which Elizabeth Choate took by these devises. As the lower farm or Wigwam Hill estate given to Lakeman was broad enough in its description to include within its limits all the beaches in question, if not restrained in its operation by any express or implied exception or reservation, it was con-

tended that the soil and fee of the estate was given to Lake-man, and that the gift to Choate was in the nature of an ease-ment or privilege. But upon the terms of the will, we could not adopt that construction ; it was a gift of the land itself, under the name of beach, and not a right or easement in the land ; and declaring the object and purpose of the gift, did not constitute a limitation, so as to make it an easement. It was therefore by necessary implication construed to be a reserva-tion of so much of the land as was included within this de-scription, out of the devise of the lower farm. We have no reason now to alter the opinion which we then gave upon this point. It follows therefore that the plaintiffs are owners in fee of that part of this beach, lying northerly of Mary Lake-man's one mile, or between that and the dividing line of the two estates.

But a different and very difficult question now arises, which is, what portion of land passes under the name of beach ; a difficulty partly arising from the indefinite signification of the term, and partly from the shifting nature of the soil describ-ed by it. It has been suggested, that it is void for un-certainty ; but the Court would be slow to declare a devise, intended to be beneficial, void for uncertainty, and would only do it, in a case of imperious necessity, where no rea-sonable or sensible construction could be put on the terms of the devise.

Some general rules may be applied to the subject. The words are to be taken in that sense, if it can be ascertained, in which the testator himself understood and intended to use them.

Every devise, especially to a child, is presumed to have been intended to be beneficial ; and when the object and pur-pose of the devise is recited and declared in the will itself, or is apparent from the nature and terms of the gift, it shall be so construed, if possible, as to reach and accomplish that ob-ject. This being a devise of the right of soil and freehold in a portion of the beach, we think it manifest, as well from the nature of this species of property, as from the declared purpose of the will, that it was the intent of the devisor to enable the devisee to take all the drift wood and timber which

would ordinarily be thrown upon the beach ; and for that purpose, it must necessarily include that portion of the soil of the beach, upon which drift wood will ordinarily come, by force of the action of the elements, in ordinary seasons Such a line is usually marked on the shore or upper part of the beach, by the row of sea drift there formed. The devise therefore must be limited by that line of shore, inward from the sea, to which sea-weed and drift wood are usually carried by the sea, in ordinary seasons, by the highest winter floods, and which is usually marked on the land by the line of such sea drift. But it will not include lands occasionally covered by sea-water, by extraordinary inundations.

This is certainly not so definite a description, as to apply to all cases, and preclude doubts ; but it is perhaps as definite as the nature of the subject will admit. And like other gifts and grants, made in terms somewhat loose, general and indefinite, it is to be applied to the subject matter by the discreet judgment of those whose pursuits, and whose experience and observation, in relation to similar subjects, will enable them to make such application with a good degree of certainty. Probably an experienced surveyor, conversant with the situation and admeasurement of beaches, and having some experience as to the action of the winds and tides, would have no great difficulty in fixing a line conformable to this description.

The Court being of opinion that the plaintiffs had title to the soil, and a right to take drift wood, above the ordinary high-water mark, conformably to the agreement of the parties, the default is to stand and judgment to be rendered thereon for the plaintiffs.